EDWARD C. COOK, plaintiff in error, *v.* BRYANT HALL, defendant in error.

*Error to Richland.*

A deed takes effect, under our statute, from the time of filing the same for record, and not from the time it is actually recorded.

The seventh section of the *Act relating to the office of recorder*, requiring him to keep a book, make entries, &c., is merely directory to the recorder, and the performance by him is not indispensable to the validity of a deed.

A grantee in a deed directed his agent to take the deed to the recorder's office for record, and it was accordingly so taken, and delivered to a person who was acting as recorder, who indorsed the names of the parties thereto upon it, three days before the rendition of a judgment against the grantor: *Held,* that a person delivering a deed to one who has the custody of the records, and acts as recorder, is not required to ascertain whether he is recorder *de jure,* but that the delivery was sufficient, and should take precedence of the judgment.

On a trial in the Circuit Court, parol testimony as to the time of filing a deed for record was permitted to be given to the jury: *Held,* that it was properly received.

EJECTMENT, in the Richland Circuit Court, brought by the plaintiff in error against the defendant in error, and heard before the Hon. William Wilson, at the July term, 1844, when there was a judgment for the defendant for costs.

The material facts will be found in the Opinion of the Court.

*C. H. Constable,* and *A. Lincoln,* for the plaintiff in error:

I. The mortgage cannot, in this case, defeat the plaintiff's action.

1. Because the mortgagees, by taking an absolute conveyance of the premises, merged, and extinguished the mortgage. 2 Black. Com. 177; 4 Kent's Com. 99 to 103; 3 Powell on Mortgages, 1088, XIV, and note (1).

2. Because, admitting the mortgage is not technically merged, still it is, as between these parties, no defence to the action. *Collins* v. *Torrey,* 7 Johns. 278; *Curtis* v. *Bronson,* 19 Johns. 325.

II. The deed of absolute conveyance, can not, in this case, defeat the plaintiff's action.

1. Because the deed was not actually filed for record, within the meaning of the statute, before the plaintiff's judgment became a lien. 1 Bouvier's Law Dic. 409.

2. Because parol evidence of the filing of the deed for record is inadmissable. *Tracy* v. *Jenks,* 15 Pick. 465; *Ames* v. *Phelps,* 18 do. 314.

*E. D. Baker,* for the defendant in error:

The law is flexible, and may consider a lesser estate merged or not, according to the intention of the parties. *Gibson* v. *Crehore,* 3 Pick. 475; *Hatch* v. *Kimball,* 14 Maine, (2 Shepley,) 9. The deed in this case was not a merger, for it was not so intended by the parties.

The Opinion of the Court was delivered by

TREAT, J. This was an action of *ejectment,* instituted by Cook against Hall, to recover the possession of certain real estate, situated in Clay county.

The cause was heard by the Court at the July term 1844.

Both parties claimed title through Jacob Slentz, who, in March, 1840, was seized in fee of the premises in question.

The plaintiff's case was this. On the 8th day of October, 1840, Seymour and Cook recovered a judgment against Slentz, in the Clay Circuit Court. An execution was issued thereon, by virtue of which the premises were sold to Cook, the plaintiff, on the 6th day of March, 1841. On the 26th day of August, 1842, the sheriff conveyed the premises to Cook, and the sheriff's deed was recorded on the 2nd day of November, 1842.

The defendant's case, as shown by his title papers, was this: On the 10th day of March, 1840, Slentz conveyed the premises to Anderson and Flanders, by deed of mortgage, which was recorded on the 2nd day of June, 1840. On the 3d day of October, 1840, Slentz conveyed the premises in fee to Anderson and Flanders. This conveyance purported to have been filed for record, on the 20th day of December,

1840, and recorded on the 14th day of January, 1841. On the 13th day of March, 1841, Anderson and Flanders conveyed the premises in fee to the defendant, Hall. This conveyance was recorded on the 15th day of March, 1841.

Hall then introduced the following parol testimony.

John Jefferds testified, that Flanders, one of the grantees, in the conveyance from Slentz of the 3d, day of October, 1840, handed him the deed, and requested him to have it certainly filed for record on the morning of the 5th day of October, 1840; that he went to the county seat and inquired for the recorder; he was directed to James M. Hogue, to whom he delivered the deed; Hogue received the deed, and went into a room attached to the Court House, and commenced writing on it.

Hogue testified, that he did not recollect of ever having seen the deed, nor did he know any thing about it, except that the names of the parties were indorsed on it, in his handwriting; that David Sweezy was recorder on the 5th day of October, 1840; witness acted as recorder by request of Sweezy, but had no written appointment; he did not know what he did with the deed, or where he placed it; he did not enrol it as required by the seventh section of the *"Act relating to the office of Recorder;"* no such book as that section requires, was ever kept in the recorder's office.

Palemon Schooley testified, that he filed the deed for record in the recorder's office, on the 20th day of December, 1840, and so indorsed on it; he received the deed from Hogue, who observed that it had been mislaid or overlooked; sometime prior to this, he had received the records and papers belonging to the recorder's office from Hogue; witness acted as deputy for Sweezy, but had no appointment in writing.

It was further proved, that Hogue had the custody of the records, and acted as deputy recorder, for some time before and after the 5th day of October, 1840; and that after he ceased to act, Schooley performed the duties of the office.

The plaintiff objected to the introduction of the parol testimony, and excepted to the decision of the Court, permitting it to be received.

The Court found the issue for the defendant, and rendered a judgment in his favor. Cook prosecutes a writ of error to this Court. He assigns for error, the introduction of the parol evidence, and the rendition of the judgment in favor of the defendant.

The second section of the "*Act abolishing the office of State Recorder*," approved January 18th, 1833, requires all deeds and title papers relating to real estate, to be recorded in the county where the same is situated.

The fifth section of the same Act provides, "that from and after the first day of August next, all deeds and other title papers, which are required to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice, and all such deeds and title papers shall be adjudged void, as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record in the county where the same may lie." R. L. 587.

A construction was given to the foregoing provisions of the Act, in the case of *Martin* v. *Dryden*, decided at the present term. It was there held, that a purchaser at a sheriff's sale, who had not actual notice, acquired title as against a prior conveyance, unregistered at the time the judgment became a lien. In this case, the judgment became a lien on the 8th day of October, 1840, and there is no proof that Cook had any actual notice of the prior deed to Anderson and Flanders. Unless, therefore, this conveyance was filed for record previous to the 8th day of October, 1840, it is void as against the purchaser under the judgment. The deed takes effect from the time of filing it for record, and not from the time it is actually recorded. If the deed in question was filed for record previous to the rendition of judgment, then Cook had constructive notice, and the title of Hall must prevail over that derived under the judgment. The question whether there was a filing of the deed on the 5th day of October, 1840, is the point on which this case must turn.

The seventh section of the "*Act relating to the office of Recorder*," approved January 8th, 1829, requires the recor-

der to keep a book, in which he shall immediately make entry of every deed or writing brought into his office to be recorded, mentioning therein the date, the parties, and the place where the lands are situate, dating the entry on the day on which the deed or writing was brought into his office, and shall record all such deeds and writings in regular succession, according to the priority of time of their being brought into his office. R. L. 511. The law requires this book to be kept, and these entries to be made, for the purpose of furnishing information to creditors and purchasers. This book, when properly kept, enables them at once to ascertain whether the party, with whom they are dealing, has made any conveyance which may affect their interests. It is the duty of the recorder to comply strictly with this requisition of the statute. This case shows, that this important duty has been utterly disregarded by the recorder of Clay county. Such conduct is highly reprehensible, and ought to be most seriously condemned. If this is the manner in which recorders generally perform their duties, there is really no safety or security in the registry laws. All who purchase real estate will have to run the risk of a law suit, and incur the hazard of losing their title.

We are, however, of the opinion, that this requisition is only directory to the recorder, and that its performance is not indispensable to the validity of the deed. The grantee, who has actually presented his deed to the recorder for the purpose of having it registered, ought not to be prejudiced by the mere failure of the officer to make the proper entry. The recorder is to make the entry, and not the party interested in the conveyance. All the party can do in order to have his deed recorded, is to take it to the office, and deliver it to the recorder. When he has done this, he cannot be charged with any default or negligence. The deed is then, in contemplation of law, filed for record. The entry by the recorder is the evidence of the filing. The deed ought not to be invalidated, and the title defeated, by the mere omission of the recorder to perform the ministerial duty of making the entry of the filing of the deed for record. If purcha-

· sers or creditors are deceived and injured by the neglect of the recorder, they have their remedy against him. They can recover of him all such damages as they may sustain, in consequence of his dereliction of duty. It may be said, that the grantee should be compelled to pursue this remedy. To this it may be answered, that where as in this case there are two innocent parties, one of whom must suffer by the negligence of the recorder, it is better to protect the one whose vigilance entitled him to a priority, and who, beyond all question would have acquired it, if the recorder had performed his duty.

This particular entry not affecting the validity of the deed, the next inquiry is, was there such a filing of the deed as to give it effect as against the judgment? The intention of Flanders to have it registered is manifest. He instructed his agent to have it filed for record, on the morning of a particular day. In pursuance of the instruction, the agent went to the county seat, and made inquiry for the recorder. He was directed to Hogue, who at the time had the custody of the records, and was acting as recorder. He actually delivered the deed to Hogue, who went into his office, and in the presence of the agent indorsed the names of the parties on the back of the deed. This was three days before the judgment became a lien. This was all a prudent man would deem necessary or advisable. No laches can be imputed to the grantees. They were not required to ascertain who was the recorder *de jure*. It was sufficient to ascertain who was in possession of the records, and discharging the duties of the office. Whether the law allows a recorder to perform his duties by deputy, is a question which does not properly arise here. If there is any doubt about the matter, it would be properly determined in a prosecution against him for failing to perform in person the duties of the office. Under the circumstances of this case, we are inclined to the opinion, that the acts of Hogue may be held valid between these parties, as the acts of an officer *de facto*.

On an attentive review of the whole case, we are satisfied with the decision of the Circuit Court, in admitting the evi-

dence objected to, and in rendering judgment for the defendant.

It was insisted on the argument, that there was a merger of the mortgage in the subsequent conveyance in fee to the mortgagees. This presents an interesting question, but as it is not necessary to a determination of the case, we forbear discussing it, or expressing any opinion concerning it.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*