## CASPER KEMPER

*v.*

## THE TOWN OF WAVERLY.

1. APPEAL—*bond must be filed in twenty days.* An appeal for a trial *de novo* being purely a statutory right, the party attempting to appeal from the judgment of a justice of the peace must file his appeal bond within the time prescribed by the statute. If filed twenty-one days after judgment, his appeal will be dismissed on motion.

2. EVIDENCE—*parol not received as to matters of record.* The judgment and orders of court, when entered of record, are conclusive, and can not be impeached by extraneous evidence. Where the record shows a continuance by order of the court, affidavits are inadmissible to show it was by consent of parties, and thus show a waiver of a right to have an appeal dismissed.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. EPLER & CALLON, for the appellant.

Messrs. BROWN & LAYMAN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question arising on this record is, whether the court below properly dismissed the appeal from the justice of the peace because the appeal bond was not filed within the proper time.

"Appeals for the removal of causes from an inferior to a superior court, for the purpose of obtaining trials *de novo*, are unknown to the common law, and can only be prosecuted where they are given by statute." *The Schooner, etc.* v. *Woodworth*, 1 Scam. 511.

Our statute prescribes, as a condition precedent to granting an appeal from the judgment of a justice of the peace to the circuit court, that a prescribed bond shall be made and filed with the justice of the peace by whom the judgment sought to be appealed from was rendered, or with the clerk of the circuit court to which the appeal is to be taken, within *twenty days* from the rendering of the judgment of the justice of the peace. (R. L. 1874, p. 647.) Here, the judgment was rendered by the justice of the peace on the 18th day of August, A. D. 1874, and the appeal bond bears date September 8, A. D. 1874, on which day it appears, by the indorsement of the justice of the peace, it was taken and approved by him, being twenty-one days after the judgment was rendered.

But, it has been held that the filing of the appeal bond is in the nature of process to remove the cause from the justice of the peace to the circuit court, and, hence, any objection in that respect may be waived by the parties, and that any appearance, not limited to the purpose of objecting to the sufficiency of the steps taken to perfect the appeal, will be deemed a waiver of all objections in that regard. *Pearce et al.* v. *Swan*, 1 Scam. 266; *Mitchell* v. *Jacobs et al.* 17 Ill. 235. And it is argued, it is shown that appellee, at one term of court, appeared and consented to a continuance, but made no objection because of the appeal bond not having been filed in time, until the case was called for trial, when the motion to dismiss for that cause

was made, and that, therefore, his motion should not have been entertained.

An affidavit of appellant, copied into the bill of exceptions, states that, at the May term, 1875, the cause was, by consent of counsel for both parties, continued generally; but there is nothing else in the record to support this assertion. Waiving the consideration of whether the affidavits of appellee's counsel, also copied into the bill of exceptions, successfully contradict this affidavit, we have no hesitation in saying the affidavits were inadmissible for the purpose for which they were made.

The orders of court must be entered of record, as well where continuances are granted by the court as where judgments are rendered, and when they are of record they are conclusive, and can not be impeached by extraneous evidence. Modes are provided for the correction of records, when they do not truly declare the action of the court; but nothing of that kind was attempted in the present instance. Nor are we prepared to say, had proper application been made for that purpose, the court would have been authorized, on the affidavits before us, to have changed its record.

The record shows the continuance, at the May term, 1875, was, "by order of the court," simply, and it fails to show any appearance by appellee until the motion to dismiss the appeal was made.

This, in our opinion, is conclusive of the question. The court had no jurisdiction to render final judgment in the case, until appellee was in court. The appeal bond not being filed in time, the case was not properly before the court, unless appellee chose to waive this objection by appearing generally in the cause. The record failing to show that he ever did so appear, it was not error for him to appear at any time while the court was in session, for the purpose of procuring the dismissal.

The judgment is affirmed.

*Judgment affirmed.*