## ASAPH DARWIN *et al.*

### *v.*

## GABRIEL S. JONES, Admr.

82   107
32a 313

82   107
41a 436

82   107
67a 254

82   107
112a ¹600

82   107
113a   21

1. APPEAL—*from county to circuit court.* The words, "as in other cases," in the statute of 1872 in relation to appeals from the county to the circuit court, on applications by administrators to sell real estate to pay claims, mean that appeals shall be taken in the usual manner of taking in other cases.

2. SAME—*bond must be filed in time.* In order to perfect an appeal from an order of the county court for the sale of land by an administrator, to the circuit court, the appeal bond must be filed within twenty days, as in other cases.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HARVEY NEVILL, for the appellants.

Mr. WILLIAM HARTZELL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was commenced in the county court, by the administrator of the estate of John G. Darwin, for an order to sell real estate to pay debts. A decree was rendered at the June term, 1873, directing a sale of so much of the real estate of which the intestate died seized as might be necessary to pay the claims allowed against the estate. The adult defendants prayed an appeal to the circuit court, which was allowed, and the bond fixed at $100. It does not appear the adult defendants ever perfected an appeal, but the guardian attempted to take an appeal on behalf of his wards by filing a bond, with security, and giving notice to the administrator of his intention to prosecute an appeal. On the hearing in the circuit court, petitioner entered a motion to dismiss the appeal, because it was not taken in apt time, and defendants entered a cross-motion to dismiss the suit, but the latter motion was overruled and the appeal dismissed.

Whether the appeal was properly dismissed, depends upon the construction that shall be given to the act of 1872 allowing appeals, under which this proceeding was had. That act provided, " appeals shall be allowed from all judgments, orders or decrees of the county court, in all matters arising under this act, to the circuit court, in favor of any person who may consider himself aggrieved by any judgment, order or decree of such court, and from the circuit court to the Supreme Court, as in other cases, and bonds, with security, to be fixed by the

county court or circuit court, as the case may be." Laws 1872, page 109, sec. 124. The ambiguity in this section arises out of the words, "as in other cases." Obviously, it is meant, appeals from the county court to the circuit court, in applications for the sale of real estate, should be taken in the same manner as appeals in "other cases" from the county court, in probate matters, and from the circuit court to the Supreme Court, in the usual manner of taking other cases.

The same words, "as in other cases," are found in that section allowing appeals under the Statute of Wills, in the act of 1845. As there used, they, no doubt, had reference to the section of the statute that gave an appeal from the "judgments, decrees and decisions rendered" by judges of probate, to be taken and prosecuted in like manner as appeals from justices of the peace. R. L. 1845, pp. 429, 564, secs. 20, 138. When the act of 1872 was adopted, there was no law in force allowing appeals from the county court to the circuit court, in probate matters, except that which gave appeals in the same manner as from justices of the peace. It would seem the words, "as in other cases," can have no other meaning in the act of 1872 than they had in the act of 1845; and hence it follows the appeal should have been taken within twenty days after the rendering of the decree. This was not done. The court fixed the penalty of the bond, but no appeal bond was, in fact, filed until after the elapse of twenty days. It was then too late, and the appeal was properly dismissed.

The judgment will be affirmed.

*Judgment affirmed.*