JAMES M. GREGSON

*v.*

MINOR ALLEN *et al.*

1. APPEAL—*dismissal for non-entry of attorney's name.* An appeal being taken by the defendant, from a justice of the peace to the circuit court, before the appeal was called for trial, the plaintiffs moved to dismiss the appeal, because no attorney's name had been entered for the party appealing, on the docket, in compliance with a rule of court. The defendant announced that he would try his own case, and stated he was ready for trial, but the court dismissed the appeal: *Held*, that the court erred.

2. PRACTICE—*right of party to try his own case.* The statute gives a party the right to try his own case, without any attorney, and any rule of court which attempts to deprive him of this right is inconsistent with the statute and unreasonable.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

This suit was commenced by Minor Allen and Theodore Phillips against James M. Gregson, before a justice of the peace, in replevin, to recover possession of two stacks of wheat. From the judgment rendered against him by the justice of the peace, defendant prayed an appeal, and perfected it by giving the usual bond. On the next day after the one on which the cause was set for trial, and subject to call under the rules of court, plaintiffs entered a motion to dismiss the appeal, for the reason the name of no attorney had been entered for defendant on the docket. Defendant was present, and showed cause against the motion, by stating in open court he was ready for trial, and demanded to be allowed to try his own cause, but that privilege was denied him and the appeal dismissed. That decision is assigned for error.

Mr. J. BLACKBURN JONES, for the appellant.

Mr. J. PERRY JOHNSON, and Mr. SILAS L. BRYAN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It appears, the circuit court in which this cause was pending had adopted a rule, that in all appeal cases where the parties are in court, the name of an attorney for each party must be entered on the judge's docket by the meeting of court on the first Tuesday morning of the term, and in default thereof the suit or appeal will be dismissed, on motion of the party complying with the rule. The cause had been passed over the first Tuesday, at the request of plaintiffs, but, subsequently, and before it was regularly reached for call, plaintiff moved to dismiss the appeal, because of the failure of defendant to comply with the rule of court in that regard. Although defendant was in court, ready for trial, and demanding to be permitted to try his own cause, the court denied him that privilege, and dismissed his appeal. That was error. Under our statute, either plaintiff or defendant in any suit has the liberty guaranteed to him to prosecute or defend for himself, in his proper

person. It is a statutory right, of which the court can not arbitrarily debar him.

No doubt, courts may make all such rules for the orderly disposition of business before them as may be deemed expedient, consistent with law; but, as this court has had occasion, before, to declare, all such rules must be reasonable. The rule under which defendant's appeal was dismissed, was in contravention with the statute. The effect was to deprive him of the right, secured by law, to defend any action against him, in his proper person, and in that respect the rule was inconsistent with law. Whether defendant had counsel employed or not, is wholly immaterial. Had his counsel neglected to comply with the rule of court in that respect, defendant could, at any time when called for trial, have insisted upon his right to try his own case. It would be singular, indeed, if he could be deprived of so valuable a privilege, secured by law, by any mere neglect of counsel. Even if the rule was one the court might, with propriety, make for the "orderly disposition of business," the omission to comply with it is a matter of so little consequence, it ought not to be made a ground of depriving a party of his defense to an action against him. When the motion was made to dismiss the appeal, the case had not then been reached for trial, and on defendant's announcing his readiness for trial, the proper practice would have been for the court to enter his name as appearing in his proper person, and suffered the trial to go on when the cause should be reached in its order. Not to do so was an abuse of that discretion with which the court is clothed to the end that justice may be done.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*