FERDINAND F. ROZIER

*v.*

JOHN WILLIAMS.

1. SALE—*without change of possession, fraudulent as to creditors.* All sales of personal property, when the possession is permitted to remain with the vendor, are fraudulent *per se*, and void as to creditors and subsequent purchasers, unless the retaining of the possession be consistent with the deed or bill of sale.

2. APPEAL—*trial of right of property.* The statute requiring the bond to be given within five days from the entry of judgment, on appeals from the trial of the right of property before justices of the peace, is mandatory. If the bond is not given within that time the superior court acquires no jurisdiction, and can not try the appeal except by consent of the appellee.

3. Where the appeal bond in such a case is not filed within the time required by law, the appellate court should dismiss the appeal upon the appearance and motion of the appellee, at any time while the cause remains on the docket; and his right to have the same dismissed can not be taken away or affected by any rule of court.

92  187
131  593

92  187
41a  436

92  187
44a  588

92  187
51a  76

92  187
53a  294
55a  369

92  187
73a  408

92  187
d87a  470

92  187
112a  604

4. PRACTICE—*rules of court.* While circuit courts and other courts of record have undoubted power to make all reasonable rules for the transaction of the business before them, yet their rules must be in furtherance of law, and not in contravention of it. All rules of court must be subordinate to the general laws of the State, and such as are not are binding on no one. Nor is it competent for such courts to make rules whereby they may obtain jurisdiction of a cause when it is not conferred by the general law.

APPEAL from the City Court of East St. Louis.

Mr. CHARLES CONLON, for the appellant.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 18th of July, 1874, there was a trial of the right of property between appellant and appellee, before J. D. MAN-NERS, Esq., of the City Court of East St. Louis, who exercised the functions and jurisdiction of a justice of the peace ; which trial resulted in favor of appellant.

The property in controversy was two horses, a wagon and some harness, which appellant had caused to be attached as the property of one George W. Julian, and appellee claimed the same under an alleged purchase from Julian. On the 17th of August following, appellee took an appeal to the City Court of East St. Louis. The latter court, though being of the same name as the court from which the appeal was taken, is nevertheless a court of record, having concurrent jurisdiction with circuit courts in cases of this character.

It appears, from the record, that on the third Saturday of the April term, 1877, of the City Court, and before the case was called for trial, appellant by his counsel appeared in open court, and filed a written motion to dismiss the appeal, because it was not taken within five days from the rendition of the judgment by the justice,—which motion the court over-ruled, on the ground, as is alleged in the record, it was not filed in *apt time;* to which ruling of the court appellant by his counsel at the time excepted. Thereupon, by order of the court, the parties proceeded to trial, which resulted in a judg-for appellee.

A motion for a new trial having been overruled, appellant brings the record to this court, and assigns for error:

1.   The verdict of the jury was manifestly against the law and evidence in the case.

2.   The court erred in overruling the motion for a new trial.

3.   The court erred in overruling the motion to dismiss the appeal.

The evidence clearly shows that there was never any change of the possession of the property in controversy after the alleged purchase by appellee from Julian.   The property was in the possession of Julian at the time Rozier claims to have purchased it, and continued in his possession up to the time it was attached.   It has been the settled law of this State, ever since the case of *Thornton* v. *Davenport*, 1 Scam. 297, that all sales of chattels where the possession is permitted to remain with the vendor are fraudulent *per se*, and void as to creditors and subsequent purchasers, unless the retaining of the possession be consistent with the deed.   There was no provision in the bill of sale from Julian to appellee authorizing the property to remain in the possession of Julian; therefore the sale in question was, under the laws of this State, fraudulent as against appellant's attachment.   The evidence further shows, that the law of Missouri, where appellee claims to have made the purchase, is substantially the same as the law here.

The court below therefore erred in not giving appellant a new trial.   The court also erred in not dismissing the appeal. Section 102 of chapter 79, Revised Statutes of 1874, expressly provides, that in cases of the trial of the right of property, where an appeal is desired, the appeal bond "shall be given within five days from the time of entering the judgment." This provision of the statute is mandatory, and it was the duty of the court to have enforced it by dismissing the appeal. There is nothing in the record to show that appellant in any manner submitted himself to the jurisdiction of the court.   He merely appeared in court and entered his motion to dismiss

the appeal; and the right to do so at any time while the cause was on the docket could not have been affected by any rule of court. The appeal not having been taken within the time prescribed by law the court acquired no jurisdiction of the case; and it could not lawfully, unless by consent of the appellee, have entered any order in it except to dismiss it.

The view here taken is fully sustained by *Kemper* v. *Town of Waverly*, 81 Ill. 278. See, also, *Darwin et al.* v. *Jones*, 82 Ill. 107.

While circuit courts, and other courts of record, have undoubted power to make all reasonable rules for the transaction of the business of the courts, yet their rules must be in furtherance of law, and not in contravention of it. All rules of court must be subordinate to the general laws of the State, and such as are not are binding on no one. Nor is it competent for such courts to make rules whereby they may obtain jurisdiction of a cause, where it is not conferred by the general law. *Linnemeyer* v. *Miller et al.* 70 Ill. 244; *Fisher* v. *National Bank of Commerce*, 73 id. 34; *Hayward* v. *Ramsey*, 74 id. 372; *Benson* v. *Johnson*, 90 id. 94.

For the errors indicated the judgment of the court below is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*