# O. C. STAFFORD
## v.
# A. C. SCROGGIN.

*Justices—Jurisdiction of—Interpleader—Appeal and Error—Attachment.*

1.  Justices of the peace are courts of inferior and limited jurisdiction, and act only within the limits prescribed by statute.

2.  The proceeding by way of interpleader authorized in courts of record, is not applicable to cases of attachment before justices of the peace.

3.  In the case presented, this court holds that the justice in question must be presumed to have been acting under the provisions of Chap. 79, R. S., rather than under Sec. 29, Chap. 11, R. S., and that from his decision an appeal could only be taken by filing an appeal bond within five days.

[Opinion filed January 30, 1892.]

APPEAL from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. S. L. WALLACE and BEACH & HODNETT, for appellant.

Mr. JOE A. HORN, for appellee.

BOGGS, J.   A constable of Logan County by virtue of an attachment writ issued by a justice of the peace of that county in favor of the appellee and against one John W. Swain, levied upon three colts as the property of Swain.

The appellant filed with the justice of the peace a written claim of ownership of the property levied upon, .verified by his oath, and denominated an interpleader by his counsel.

The record of the justice does not disclose the course of procedure adopted upon the filing of this claim of ownership of the property, but it does appear that on the 28th day of January, 1891, the appellant and appellee were before the justice, and that he heard testimony and rendered a judgment against the appellant.

Fourteen days after this, the appellant prayed an appeal to the Circuit Court of Logan County and filed an appeal bond, and thus the cause came into the Circuit Court of that county, where the appeal was dismissed on the ground that the proceeding was in effect a trial of the right of property under the provisions of Chap. 79 of the Revised Statutes, from which an appeal can only be prosecuted by giving an appeal bond within five days after the rendition of the judgment. Sec. 102, Chap. 79, R. S.; Rozier v. Williams, 92 Ill. 187.

The appellant contends that the proceeding is an "interpleader" authorized by Sec. 29 of Chap. 11 of the statutes entitled, "Attachments in Courts of Record," and which, by force of the 18th section of that portion of the same chapter which provides for attachments before justices of the peace, is made applicable to attachments before justices of the peace.

Whether the provisions of the statute authorizing persons claiming property attached to interplead in courts of record, apply to attachments before justices of the peace, is the only question for our determination.

Justices of the peace are courts of inferior and limited jurisdiction and can act only within the limits prescribed by the statute.

The jurisdiction of such courts in attachment proceedings can not be extended beyond the prescribed limits of the statute, nor can it be exercised in any other manner than in strict accordance with the statute. Aside from the statute justices have no power whatever in such cases.

Courts of record convene at fixed periods, and a jury is provided ready for the call of the court whenever needed. The parties litigant, if served with process, are in court subject to its jurisdiction during the term of the court before their causes are disposed of, and the machinery, as it may be called, of the court, is adapted to the disposition of an interpleader in the speedy and summary manner contemplated by the statute providing such proceeding in such courts.

Justices' courts are in session only at such times as writs authorized by law to be issued are made returnable. No jury is present, nor can a jury be brought into a justice's court

except under some statute authorizing and empowering such course to be taken.

There is no statute providing for the issuance of any process upon the filing of an interpleader, nor statutory authority for the production before a justice of a jury to try the issue thus raised, nor for any course of judicial procedure in such cases. The general rule is that nothing is to be considered as within the jurisdiction of courts of inferior and limited jurisdiction, but what is expressly granted to them by the statute. The power and judicial functions of justices of the peace are such only as are given by definite and positive law. We do not think the proceeding by way of interpleader authorized in courts of record is applicable to cases of attachment before justices of the peace.

Secs. 98 to 103 inclusive, Chap. 79, R. S., entitled "Justices," etc., authorizes and provides a course of procedure for the trial before a justice of the peace of the claim of a person other than the defendant that he is the owner of property levied upon by an attachment writ as the property of the defendant.

It was authority thus given that the justice in the case at bar, it is to be presumed, was exercising, and from his decision an appeal could only be taken by filing an appeal bond within five days thereafter.

The action of the Circuit Court in dismissing the appeal was, we think, correct, and its judgment must be affirmed.

*Judgment affirmed.*