## A. J. Hughes v. Nora A. Glover.

1. APPEAL—*Sufficiency of Transcript—Appeal Bond.*—In trials of the right of property under Sec. 102, Chap. 79, R. S., providing that an appeal may be taken as in other cases, provided the same is prayed on the day of the entering of judgment, it is not necessary that the transcript of the justice should show that the appeal was prayed for on the day of entering the judgment. It is sufficient evidence of the fact if the appeal bond is filed and approved on said day.

Memorandum.—Order dismissing an appeal. Error to the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed February 12, 1894.

The opinion states the case.

R. M. PEADRO, attorney for the plaintiff in error.

W. G. COCHRAN, attorney for defendant in error.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was a trial of the right of property between defendant in error as claimant and the plaintiff in the execution. The finding and judgment were for the claimant and the execution creditor appealed. In the court below she moved to dismiss the appeal, on the ground that it was not prayed on the day of the entering of judgment. The statute provides that "An appeal may be taken as in others cases, pro-

vided the same is prayed on the day of the entering of judgment, and the bond shall be given within five days from the time of entering of the judgment." R. S., 1891, Ch. 79, Sec. 102.

The justice's judgment was rendered on December 20,1892. His transcript, filed February 24, 1893, contained no reference to an appeal. Upon that fact the motion to dismiss seems to have been founded.

On behalf of the execution creditor a motion or crossmotion was made for leave to the justice to amend his transcript so as to show an appeal prayed on the day of the entering of his judgment. This was supported by his positive affidavit that this was in fact done by the attorney for the execution creditor immediately after the announcement of the judgment, and that he did not make the entry of it on his docket because he thought it unnecessary. A similar affidavit, as to the fact, was made by the attorney, and on the face of the bond appeared the statement: "Approved by me this 20th day of December, A. D. 1892," signed by the justice.

The claimant was permitted over objection, to file counter affidavits of her attorney, of Frank Glover, the defendant in the execution, and of Andy Mahan, each stating that the affiant was present in the justice's office when the judgment was announced and remained there until the proceedings in the case appeared to be ended and the attorney for the execution creditor had left, and that of Glover positively and those of the others according to their best recollection and belief, that no appeal had been prayed. The affiants on both sides included all the persons present at the time.

Upon this showing the court refused the leave asked, sustained the claimant's motion and dismissed the appeal.

We see no sufficient reason for this ruling. The court seems to have given undue weight to the transcript of the justice. There was a reasonable explanation of his omission to note the praying of an appeal, and certain means in writing for making the amendment asked, to conform to the facts, unless the justice committed willful and corrupt perjury by his affidavit, a supposition which is wholly inad-

missible.  His certificate to the transcript  states that "the
said  transcript and  the papers  therewith  accompanying,
being  six  in number, numbered from  one  to six  inclusive,
contain a full and perfect  statement  of  all the proceedings
before me in  said  suit."   In  the  record  before  us  appear
three papers:  the constable's notice of the time and place for
the trial, the  appeal  bond  and the justice's transcript, all
before  the  *placita*,  and  each  marked  by the clerk as filed
on the  same  day,  February  24,  1893,  from  which  it may
well be inferred  that  the  bond was one  of the  six papers
accompanying the transcript.   It  was  thereby made a part
of or supplement to the transcript and  brought just as fully
to the notice  of  the  court.    The  official  certificate of the
magistrate that the appeal was asked and the bond tendered
and  approved  on  the  day  his  judgment  was  rendered,
backed by his  personal and  positive oath  and  also that of
the appellant's  attorney,  to  the  fact,  as  of  their  actual
knowledge, we think  is  not  overcome  by the positive affi-
davit to  a  negation,  of one  whose name  suggests  a close
relation  to  and  common  interest with  the  claimant, and
those of two others according to  their  recollection and  be-
lief.   No particular form of  " prayer " for  the allowance of
an appeal in such cases is prescribed  by law.   The desire or
intention to appeal, made known in  any way to the justice, is
sufficient.   Notice to the appellee or  her  attorney was not
required.   It might have been done in  their  presence with-
out their knowledge of it.   If done  in  any way the justice
and appellant's attorney, who  did  it, must  have known it.
Perjury  could  be assigned  upon their  affidavits of the fact,
but not upon those of claimant's  attorney and of Mahan, if
upon that of  Glover.   The preponderance of the evidence
was clearly on  the  side of  the  execution  creditor.   The
tender of the bond was of  itself a  sufficient  prayer for ap-
peal, and there is no evidence tending to contradict the offi-
cial statement of  its  approval  on  the same  day that the
judgment was rendered.

     Upon the showing we hold that  the  dismissal of  the ap-
peal was error, for  which the  order  and judgment of  the
Circuit Court will be reversed and the  cause remanded.