Pettit v. Burke.

---

## Seth Pettit, Appellant, v. Michael Burke et al., Appellees.

### Gen. No. 4,908.

1. JUSTICES AND CONSTABLES ACT—*section 5 construed.* The praying of an appeal on the day of judgment within the meaning of this statute is not made by entering into an arrangement with the justice that in the event of an adverse verdict and judgment an appeal shall be entered.

2. APPEALS AND ERRORS—*what not equivalent to prayer for appeal.* An arrangement with a justice of the peace by which a prayer for an appeal is to be entered in the event of an adverse judgment, does not satisfy the statute and is not a legal praying of an appeal where no entry of appeal is made.

3. JUSTICE OF THE PEACE—*when loses jurisdiction.* After a justice of the peace has written up his judgment and signed it his jurisdiction over the case is ended and he has no power or authority to open and amend it, neither has the Circuit Court authority to compel a justice to amend his docket nor any right to permit him so to do.

Action commenced before justice of the peace. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

E. A. Wooley and S. R. Kenworthy, for appellant.

Sweeney & Walker, for appellees.

Mr. Presiding Justice Willis delivered the opinion of the court.

Michael Burke sued Charles Pettit before a justice of the peace and recovered a judgment, upon which an execution issued to one S. W. Bruner, a constable, who levied the execution upon certain property. Seth Pettit, appellant here, served notice upon Bruner that he owned the property levied on. Notice was given of the day set for the trial of the right of property. The venue was changed to another justice, and a trial was had resulting in a verdict and a judgment against the claimant. Instead of finding the right of property in Bruner, the constable, they found it in Burke, the execution creditor. The judgment was in that particular irregular, but the irregularity is of no material importance here. The verdict was returned and judgment entered June 22, 1906. On June 26, 1906, the fourth day thereafter, Seth Pettit presented an appeal bond to the clerk of the Circuit Court of Rock Island county, which was approved and a *supersedeas* issued to the justice and constable, reciting that an appeal had been taken from such judgment to the Circuit Court of Rock Island county, and commanding that further proceedings be suspended until the further order of the court. A transcript of the proceedings before the justice was filed with the circuit clerk on July 7, 1906. On September 19, 1906, Burke, the execution creditor, and Bruner, the constable, appeared specially and moved the court to dismiss the appeal for the reason that the court was without jurisdiction, except to dismiss the appeal, and that no appeal was prayed before the justice on the day the judgment was entered. On the first day of February, 1907, appellant moved the court for leave to the justice to amend the transcript to correspond with certain alleged facts and to show that an appeal was prayed for on the day judgment was entered. On February 11, 1907, there was a hearing of the motions upon proof by

Pettit v. Burke.

affidavits. The court denied appellant's cross motion for leave to the justice to amend the transcript, granted the motion to dismiss the appeal, and ordered the appeal dismissed with a writ of *procedendo*, and that appellee recover his costs. Exceptions were preserved, a bill of exceptions taken and Seth Pettit prosecutes this appeal.

Section 5 of article 13 of chapter 79, Hurd's Statutes, 1905, provides that in the trial of the right of property contemplated by other sections of said article, "An appeal may be taken as in other cases, provided the same is prayed on the day judgment is entered, and the bond shall be given within five days from the time of entering the judgment."

From the proofs it appears that the case was submitted to the jury on June 20, and their verdict returned June 22, two days later. Appellant's attorney lived in another county, and on the evening of the day the jury retired to consider their verdict, stated to the justice, that .if the verdict was against him, meaning of course against appellant, he wanted an appeal, and the justice agreed to write up the docket showing an appeal prayed for by him.

Appellant's contention is that this arrangement between his attorney and the justice is the equivalent of praying an appeal on the day of entering judgment. With this we cannot agree, as we conclude that praying an appeal two days or any other period of time before the day judgment was rendered, and at a time when the party so attempting to pray an appeal had no knowledge whether the verdict and judgment thereon would be favorable or adverse to his interest, was not praying an appeal within the requirements of the statute, and that the justice had no authority to make a contract to enter a prayer for an appeal if the verdict and judgment should be against the party so attempting to contract. All that was said on that subject by appellant's attorney and the justice had no tendency to create a prayer for an appeal.

The justice made an affidavit for each side. For appellees he stated that the jury returned their verdict on June 22, 1906, upon which he entered judgment against Seth

Pettit, and that at no time on said day did Seth Pettit or any one for him pray an appeal, and that nothing was said to him about an appeal until June 25. For appellants he stated, in addition to the conversation he had with appellant's attorney relative to the prayer for an appeal, that Charles Pettit, the execution debtor, on the 22nd of June, 1906, within 24 hours of the rendering of judgment, presented an appeal bond which he refused to accept on the ground that he was advised the judgment was not appealable. This affidavit did not state whether this was before or after the entering of judgment. The language is so peculiarly worded that it may be that this appearance and presentation of bond by Charles Pettit was on the 22nd of June before the jury returned their verdict. With this uncertainty, it would not be a valid prayer for an appeal. Furthermore, Charles Pettit was not entitled to an appeal. The jury in legal effect found it was his property, but if he had been interested and entitled to appeal, this was a separate matter, and the fact that Charles Pettit prayed an appeal on the day of judgment and in compliance with the statute, if such a construction might be put upon what he did, did not tend to show that an appeal was prayed by Seth Pettit. If Charles Pettit had brought a bond to the justice executed by Seth Pettit as principal, praying an appeal from the judgment, and had presented the same to the justice on the 22nd day of June, 1906, or the day the jury returned their verdict, after judgment, that would have been a valid prayer and within the requirements of the statute, and it would have been the duty of the justice to have entered it and granted an appeal. Had this been done, Seth Pettit would not have lost his right to an appeal because the justice refused to enter the prayer for an appeal.

After a justice of the peace has written up his judgment and signed it, his jurisdiction over the cause is ended, and he has no power or authority to open and amend it; neither has the Circuit Court the authority to compel a justice to amend his docket, nor any right to permit him to do so.

The affidavit relied on by appellant does not state that

the bond presented by Charles Pettit was a bond in which Seth Pettit sought an appeal or that it was a bond in which he was the principal. But had it shown these things, still the justice having failed to note the fact and approve the bond, the appeal was lost by reason of the justice's misconception of the law. The remedy would not be by an effort to have the justice amend the orders appearing on his docket.

If Seth Pettit had filed a bond within five days of the day of judgment and the court had been satisfied that an appeal was actually prayed on the day of judgment, then it should have refused to dismiss the appeal, but no such case was made by Seth Pettit and he cannot be heard to complain of the result of his own laches.

There was no error in dismissing the appeal and the judgment is affirmed.

*Affirmed.*