### Plaindealer-Herald Publishing Company, for use, Appellee, v. County of Coles, Appellant.

COUNTIES—*power of Circuit Court to authorize expenditures.* The Circuit Court has no power to authorize its clerk to incur an expenditure for the printing of its dockets so that the same may be distributed one copy to the judge and one copy to each member of the bar, etc.; neither section 19 of chapter 110 nor section 34 of chapter 37 confers such authority.

Assumpsit. Appeal from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed May 22, 1909.

JOHN MCNUTT, for appellant.

JAMES VAUSE, JR., for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Coles county against appellant to recover the sum of $35 alleged to be due from the county to appellee for printing done by appellee upon the order of the cir-

cuit clerk of said county. There was a judgment in appellee's favor for the amount claimed, and this appeal followed.

Appellee filed a declaration in which it was in substance alleged that at the October term, 1899, of the Circuit Court of Coles county the judge thereof made the following order: "Ordered that the clerk have printed a sufficient number of copies of the bar docket at this term of court and at each term hereafter to furnish one copy each to the judge, clerk, sheriff, master in chancery and to each member of this bar and attorneys appearing in any cause and that he furnish the same to such officers and attorneys;" that in pursuance of such order the clerk of said court gave directions to appellee by force of which a bar docket was printed and furnished by said appellee to said clerk for the use of each of the attorneys having business in said Circuit Court and that the reasonable value of such bar dockets was $35, etc.

Appellant demurred to said declaration, and the demurrer having been overruled, appellant elected to abide by its demurrer and now brings the case to this court to have determined the right of the clerk of the Circuit Court to bind the county to the payment of the reasonable cost of printing such bar dockets.

Appellee in support of its claim contends that, since under section 19 of the Practice Act, the clerk of the Circuit Court has power "to furnish the judge and bar at each term with a copy" of the docket and since section 34 of chapter 37 of the revised statutes provides: "The said courts (Circuit and Superior) may from time to time make all such rules for the orderly disposition of business before them as they may deem expedient, consistent with law," the order made by said court was fully authorized and under it a recovery was warranted.

Such construction of the sections mentioned would be a perversion of the plain meaning of the words employed in the statute. The language quoted from the Practice Act and relied upon by appellee, merely

gives to the circuit clerk power to furnish the judge and bar at each term a copy of the docket and does not give him power to print and furnish a copy to each member of the bar. To hold that the clerk is authorized to furnish to each member of the bar a printed copy of the docket under an enactment which alone authorizes a copy to the judge and bar would be to read into the statute words which are not there.

The rule of the court above quoted, in our judgment, gave the clerk no power beyond that which he already had under the section authorizing one copy of the docket to be furnished to the judge and bar. Under said section 34 of chapter 37 the court only had power to make rules "for the orderly disposition of business." Gregson v. Allen, 85 Ill. 478; Rozier v. Williams, 92 Ill. 187.

The rules here contemplated are those which have reference to procedure and practice and are limited in their application to the disposition or transaction of business before the court for determination.

We are constrained to hold that the order of October 1899 was unauthorized and that the demurrer therefore should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*