### Isadore Skimutis, Appellant, v. American Citizen's Lithuanian Club, Defendant in Attachment, and Independent Breweries Company, Claimant, Appellee.

1. JUSTICES OF THE PEACE, § 158*—*when justice may not amend judgment.* After a justice of the peace enters a judgment, he has no authority to open, amend or add thereto, and any addition he may attempt to make at a later date must be considered of no effect.

2. JUSTICES OF THE PEACE, § 176*—*when prayer for appeal is not in time.* Where it appeared from affidavits filed on a motion to dismiss an appeal to the City Court from a judgment of a Justice's Court, that if any appeal had been prayed for it was done before the verdict in the case was rendered and judgment entered, *held* that the denial of the motion was erroneous.

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed November 13, 1916.

EDWARD C. ZULLEY, for appellant.

N. C. LYRLA, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellant sued out a writ of attachment before a justice of the peace of St. Clair county against the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

goods and chattels of American Citizen's Lithuanian
Club. After the property was taken by the constable
on the attachment writ, Independent Breweries Company
served a written notice on him, claiming part of
the same. The parties thereafter appeared before
the justice of the peace who commenced the suit and
a change of venue was taken to F. X. Ziegelmeier,
another justice, who, on December 7, 1915, tried the
case with a jury. The jury found against the claimant, Independent Breweries Company, and the justice
thereupon, on the same day, entered judgment against
the company in favor of appellant for $8.35, the costs
of suit taxed in the case. On the following day, the
company filed its bond in the City Court and a *super-
sedeas* was issued and served on the justice. On December 9, 1915, the justice made the following notation
on his docket below his signature, at the conclusion of
the judgment: "1915. December 9. Claimant, Independent Breweries Company, failed to pray for an
appeal the day this judgment was rendered. Supersedeas served; transcript and files sent to City Court.
F. X. Ziegelmeier, J. P." Thereafter the attorney for
appellant filed a motion in the City Court to dismiss
the suit, upon the ground that no appeal had been
prayed on the day the judgment was entered. The
company filed two affidavits resisting the motion, being
those of its attorney and his stenographer, both of
whom stated that the attorney, at about 3:30 o'clock
in the afternoon of the day judgment was entered,
told said justice over the telephone that the Independent Breweries Company desired to appeal said cause
and would file a bond in the City Court and that thereafter, on December 8, 1915, being the next day after
the trial of said cause, an appeal bond in said cause
was filed in the City Court. Counter-affidavits were
filed for appellant by the justice of the peace who tried
the case and his attorney and three of the jurors who

served in the Justice's Court. The justice stated that immediately after the case had been submitted to the jury, the agents and attorney of the breweries company left his court and never returned on that day; that affiant did not see said attorney and never had any conversation with him or with any of the agents of the claimant any more that day; that the jury did not bring in its verdict until some time after four o'clock p. m., on the day of trial, and that judgment was entered on the verdict by him on the same day; that no appeal was prayed by the claimant from said judgment on the day the same was entered and that affiant made no arrangements with the attorney for the claimant, or any one else, about an appeal from said judgment, and was never requested to make an entry in his docket of the fact that an appeal was prayed from a judgment on the day it was entered by him; that affiant did not make any arrangement with any one, either over the telephone or otherwise, to make an entry in his docket of the prayer for an appeal on said day.

The attorney for appellant swore in his affidavit that the case was tried in the Justice's Court before a jury and that said jury did not bring in its verdict until some time after four o'clock p. m., on the day of trial. Two of the jurors testified that the verdict was not returned in the case until after 4:20 p. m., and one of them, after 4:30 p. m., on the day of the trial. The City Court denied the motion to dismiss the suit and appellant elected to abide by his motion. The court called a jury to hear the proofs. The claimant introduced its evidence and the jury returned a verdict finding the rights to the property in question to be in the claimant, Independent Breweries Company, whereupon appellee, limiting his appearance for that purpose, moved the court to reconsider the decision theretofore rendered in the cause, upon the motion above

referred to, and to set aside the verdict and dismiss the appeal, which motion was also denied. Judgment was thereupon entered against appellant for costs and that the Independent Breweries Company have a writ of *retorno habendo* for the property.

The statute in reference to trial of the right of property provides: "An appeal may be taken as in other cases provided the same is prayed on the day the judgment is entered and the bond shall be given within five days from the time of entering the judgment." Rev. St. ch. 79, sec. 141 (J. & A. ¶ 7002). The plaintiff below has appealed to this court and it is here conceded by the parties that under this statute, to give the City Court jurisdiction, it was necessary that an appeal should be prayed on the same day the judgment was entered, and the question presented on this appeal is whether it was shown on the hearing of appellant's motion that there was such a prayer for an appeal made on that day as is contemplated by the statute. In determining this question we cannot consider the notation made by the justice on his docket two days after the judgment was entered, as it is a well-settled rule of law that after a justice enters a judgment, he has no authority to open, amend or add thereto, and any addition he may attempt to make at a later date must be considered of no effect. *Pettit v. Burke*, 139 Ill. App. 419. This leaves the question as to when the appeal was prayed to be determined by the affidavits introduced by the respective parties. The affidavit of the justice of the peace flatly contradicts those of the attorney for appellee and his stenographer, as to the giving of a notice to the justice on the day of trial that an appeal was desired by the breweries company, and the affidavits on behalf of the company do not show that there was any judgment in existence at the time the justice of the peace was notified of a desire for an appeal, but merely stated

that the justice was called up by telephone at about 3:30 o'clock in the afternoon and told that the company wished to appeal the case. On the other hand, it was shown by the affidavits of the justice of the peace, the attorney for appellant and three of the jurors, who tried the case, that no verdict was returned until after four o'clock, one of the latter fixing the date as being after 4:30 p. m. It thus plainly appears from the proofs that if the attorney for the breweries company made any request for an appeal on the day of the trial, it was made before the judgment was entered. This brings us to the consideration of the question whether such a request or prayer for an appeal, if made as claimed, was sufficient to comply with the statute.

In the case of *Hughes v. Glover,* 53 Ill. App. 141, relied on by appellee, it is said, where the question was raised as to whether an appeal was prayed for on the day the judgment was entered by a justice of the peace in a case involving a trial of the rights of property: "No particular form of 'prayer' for the allowance of an appeal in such cases is prescribed by law. The desire or intention to appeal, made known in any way to the justice, is sufficient." In that case, however, it was shown by affidavit that the intention to appeal was made known by the defeated party immediately following the judgment. In the case of *Pettit v. Burke, supra,* it was held, where there had been a trial concerning the rights of property before a justice of the peace, that praying an appeal before the judgment was rendered and at a time when the party so attempting to pray the appeal had no knowledge whether the verdict and judgment thereon would be favorable or adverse to his interest, was not praying an appeal within the requirements of the statute. We agree with this holding as it is clear that a judgment cannot be appealed from until it has been rendered and is in

existence. As the proofs in this case failed to show that an appeal was prayed for from the judgment of the justice of the peace, after it had been rendered, it was the duty of the trial court to have dismissed the appeal on the motion presented by Skimutis asking therefor. The appeal from the justice not having been prayed for in the time prescribed by statute, the City Court acquired no jurisdiction of the case and could have entered no order in it except to dismiss the appeal. *Rozier v. Williams*, 92 Ill. 187. The judgment of the City Court of East St. Louis will be reversed and the cause remanded with directions to that court to dismiss the appeal for want of jurisdiction.

*Reversed and remanded with directions.*