Gamboe Cochren, by James Cochren, Appellee, v. Frank Sweigle, Appellant.

## Gen. No. 6,598.

1. JUSTICES OF THE PEACE, § 170*—*strict compliance with statute relating to appeal.* An appeal from a justice's judgment is purely statutory and necessitates strict compliance therewith.

2. JUSTICES OF THE PEACE, § 192*—*when appeal bond must be filed.* An appeal bond in a justice court must be filed within 20 days to give the reviewing court jurisdiction.

3. JUSTICES OF THE PEACE, § 192*—*what is not filing of appeal bond with justice.* Leaving an appeal bond at the office of a justice from which he was known to be absent for an indefinite period cannot be regarded as filing it with the justice at that time.

. 4. JUSTICES OF THE PEACE, § 196*—*lack of power to approve appeal bond nunc pro tunc.* A justice of the peace has no power to approve an appeal bond *nunc pro tunc* so as to bring it within the 20-day statutory limitation.

5. JUSTICES OF THE PEACE, § 155*—*what not required to note in docket.* A justice is not required by statute to note in his docket the time of filing and approving an appeal bond, and such notation may be contradicted by parol evidence.

Appeal from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed February 8, 1919.

BRADLEY J. KNIGHT and KARL J. MOHR, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. E. Goembel and Roy F. Hall, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case a judgment was entered in favor of Gamboe Cochren, the appellee, against the appellant, Frank Sweigle, before J. H. Rapp, a justice of the peace in Winnebago county. The date of the judgment was August 23, 1916. A few days later the attorney for appellant informed the justice that the appellant desired to take an appeal, whereupon the justice filled out an appeal bond, leaving blank spaces for the names and signatures of the persons who were to execute the bond. Thereafter, on September 9, 1916, appellant's attorney had a conversation with the justice over the telephone, wherein he told the justice that he wanted to file the appeal bond in the case; also told the justice who had signed the bond. The justice, however, informed the attorney that he could not then receive the bond because he was about to leave town and had to catch a train for South Dakota; however, that he would approve the bond on his return as of the date of the conversation. Later on the same day, or in the morning of the next day, appellant's attorney went to the office of the justice, found the door locked, and put the bond through a slot in the door. The justice did not return from his trip to South Dakota until after the lapse of the 20-day period provided by the statute for the filing and approval of an appeal bond to perfect the appeal; but on his return, about September 15, 1916, he found the bond, and approved it, but dated back the approval to the 9th day of September, 1916, which was the date of the telephone conversation, and the transcript of the record of the cause which the justice transmitted to the Circuit Court shows after the record of the regular proceedings in the cause ending with the entry of the judgment, in favor of the appellee, and signed by the justice in the

regular way, a notation appears to have been made by the justice of the filing of the appeal bond in question, as follows: "September 9, 1916. Defendant files an appeal bond, takes an appeal to Circuit Court." In the Circuit Court the attorneys for the appellee made a motion to dismiss the appeal because the appeal had not been perfected by the filing and approval of the appeal bond within the 20-day period required by the statute. Upon the hearing of this motion by the court, oral testimony was adduced to fix the fact that the bond in question was actually filed and approved by the justice after the lapse of 20 days from the date of the judgment, and the court thereupon dismissed the appeal. From this order dismissing the appeal an appeal is prosecuted.

An appeal from a judgment of a justice of the peace is purely a statutory right, and to become legally effective it must comply with the requirements of the statute. The statute prescribes that the appeal bond must be filed with the justice of the peace and approved by him within 20 days after the date of the judgment from which the appeal is taken. If not filed within that time, the court to which the appeal was taken could acquire no jurisdiction of the case. *Kemper v. Town of Waverly,* 81 Ill. 278; *Rozier v. Williams,* 92 Ill. 187.

The question raised by appellee's motion was therefore a vital one. The oral evidence taken conclusively shows that the bond in question was not received by the justice and he had no opportunity to inspect the same nor file it until after the expiration of the 20-day period. Pushing the bond through a door slot of an office where the justice usually abides, but from which place he was known to have departed for an indefinite period of time, cannot be regarded as a filing on an appeal bond with the justice. It was necessary that the justice should at least have taken charge and possession of the bond to constitute a filing of it. *Cook v. Hall,* 6 Ill. (1 Gilm.) 575; *Lamson v. Falls,* 6 Ind.

309.   The officer upon whom rests the duty to file an
instrument is clearly not able to perform that duty
unless he has possession or control of the instrument
for that purpose.   In this case the justice was not in
position to perform any official act with reference to
the bond after it was pushed through the door slot,
until after the 20 days had elapsed.   Hence he cannot
be considered as having performed such necessary
official act within that time.   It is evident that the
justice himself was conscious of the fact that he would
not be in position to act when he had the conversation
over the telephone with appellant's attorney, because
he agreed at that time that he would approve the bond
when he returned and would date back the approval
to the date of the conversation.   Such an agreement
was clearly invalid.   A justice of the peace has no
power to date back the approval of an appeal bond,
nor to give a different date from the one upon which
it is actually filed and approved.   If this were per-
missible the justice could indefinitely extend the pe-
riod of time fixed by the statute for taking an appeal,
which the statute has limited to 20 days.   It is also
contended by the appellant that the notation on the
justice's docket to the effect that the bond was filed on
September 9, 1916, is a record which cannot be contra-
dicted by parol evidence.   The statute, however, does
not require the justice to make a notation in his docket
of the time of the filing or approval of an appeal bond,
and the notation referred to was therefore not a part
of the record required to be kept by the justice, and
not properly a part of the transcript.   A notation
made on a justice's docket after judgment entered and
signed has no legal effect.   *Pettit v. Burke,* 139 Ill.
App. 419.   Oral proof to show the time when an in-
strument required by law to be filed was actually filed
is competent and admissible.   *Cook v. Hall,* 6 Ill. (1
Gilm.) 575.

The fact that an appeal was or was not prayed on
a certain day may be shown by evidence other than the

entry on the docket of a justice of the peace. *Skimutis v. American Citizen's Lithuanian Club*, 202 Ill. App. 557.

For the reasons stated we are of opinion that the appeal in this case was properly dismissed, and judgment is affirmed.

*Affirmed.*