Richard Lambert, Appellant, v. E. A. Dabbs, Agent
for Cora Lewis and Edgar F. Gallagher, Appellees.

Opinion filed November 8, 1939.

J. E. CARR, of West Frankfort, for appellant.

D. L. DUTY, of Marion, for appellees.

MR. JUSTICE DADY delivered the opinion of the court.
This is an appeal by Richard Lambert, the claimant,
from a judgment of the county court of Williamson

county in favor of the defendants (appellees herein) in a trial of right of property.

Under an execution issued on a judgment in justice court in favor of the defendants and against William Lambert, a constable levied on certain personal property in the possession of William Lambert. Notice was duly given such constable by the claimant, that he claimed to be the owner of the property levied on. After due notice by the constable, the trial of right of property case was tried before the justice and judgment was entered for the claimant by the justice of the peace on January 27, 1939. On the third day after the entry of such judgment defendants filed an appeal bond with the justice, who approved such bond on the same day, and thereupon a transcript and said appeal bond were filed in the county court. Thereafter the claimant entered his special appearance in the county court for the purpose of entering a motion to dismiss the appeal, and moved to dismiss such appeal on the ground that the appeal was not prayed on the day the judgment was entered. The transcript of the justice was silent as to whether or not an appeal was prayed by the defendants on the day the judgment was entered. The county court denied such motion, whereupon the cause was tried on its merits, and the county court on March 28, 1939, entered a judgment finding that the property in question belonged to the claimant, but that because of his failure to make known his claim to the ownership of said property, and on account of his allowing William Lambert, doing business as Lambert Furniture Company, to hold himself out as the owner of said property, he, the claimant, is now estopped from claiming said property as against the creditors of William Lambert, doing business as Lambert Furniture Company. Said judgment ordered that the defendants herein have judgment for possession of said property under and by virtue of the execution, and that the claimant pay the costs of the proceeding.

No report of proceedings, consisting of the testimony at the trial on the merits and the ruling of the court on the motion to dismiss and all matters upon which such ruling was made, has been incorporated in the record.

The first contention of the claimant is that the appeal from the justice court to the county court was not prayed on the same day the judgment was entered and that for this reason the trial court erred in denying the motion to dismiss the appeal. The statute on trial of right of property in justice court, under which this case was tried, par. 142, ch. 79, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 71.138], provides that "an appeal may be taken as in other cases provided the same is prayed on the day the judgment is entered and the bond shall be given within five days from the time of entering the judgment." The bond was filed as required. In *Rozier v. Williams,* 92 Ill. 187, the court held that the provision of the statute that the appeal bond "shall be given within five days from the time of entering the judgment" is mandatory, and that where the bond was not given within such time the court on appeal acquired no jurisdiction. *Hughes v. Glover,* 53 Ill. App. 141, and *Pettit v. Burke,* 139 Ill. App. 419, which cases are cited by both parties to this proceeding, in effect state that the prayer for an appeal within the time provided is also mandatory and hold or assume that in passing on such motion it is proper for the circuit court to hear evidence as to whether the appeal was prayed or the bond given within the required time. The fact that an appeal was or was not prayed on a certain day may be shown by evidence other than the entry on the docket of the justice of the peace. (See *Cochren v. Sweigle,* 213 Ill. App. 594.) No authority is cited herein to the contrary, and this right of the court to hear such evidence is not questioned by counsel for the claimant. The record is silent as to whether any evidence was introduced on such motion. It was incumbent on the claimant, in order to present for review the ruling of the court on this motion, to furnish a report of the proceedings

(which is in lieu of and a substitution for the bill of exceptions provided for in the former Practice Act, *Suttles v. Zimmerman,* 287 Ill. App. 316) to show the grounds upon which the trial court acted. In the absence of a report of proceedings showing the contrary, we will presume that evidence was heard in support of the order of the county court denying the motion to dismiss and that grounds in fact existed for the denial of such motion. (See *Blair v. Ray,* 103 Ill. 615; *Malott v. Hood,* 201 Ill. 202; *Mullen v. People ex rel. Wyatt,* 138 Ill. 606.)

Claimant next contends that the county court having found that the property in question belonged to the claimant, such court could not then find that the claimant was estopped from claiming such property as against the defendants, but cites no authority. There is no force to this contention. It is well settled that there may be circumstances where an estoppel may operate against the person claiming what would otherwise be the better title to the property in question, and this rule is based upon conduct of the true owner by which he allows another to appear as the owner of or having full power of disposition over property in such a manner that an innocent third person is led into dealing with an apparent owner. The estoppel in such case does not depend upon where the actual title is, but rests upon the act of the real owner which precludes him from disputing the existence of a title which he has caused or allowed to appear to be vested in another. (*Drain v. LaGrange State Bank,* 303 Ill. 330.) Since no report of proceedings has been furnished by the claimant to show on what evidence, if any, the findings and the judgment of the court are based, this contention of the claimant, on the record before us, presents no question of fact which we can consider.

For the reasons indicated, the judgment of the county court is affirmed.

*Affirmed.*