Walter W. Payne, Receiver of Citizens State Bank of Hidalgo, Appellant, v. H. A. Hutson et al., Appellees.

Opinion filed February 1, 1932.

ALBERT E. ISLEY, for appellant.

KASSERMAN & KASSERMAN, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Appellant, as receiver of the Citizens State Bank of Hidalgo, filed his bill to set aside a deed to 80 acres of land in Jasper county, dated April 14, 1930, executed by Mayme Hutson and H. A. Hutson, her husband, to Allie Hoggins, alleging same was for the purpose of hindering and defrauding said bank in the collection of an indebtedness of the grantors to the bank, in the form of a judgment, amounting to $2,004, rendered in the circuit court of said county on October 11, 1930.

Appellees answered that grantor, Mayme Hutson, was not the owner of such land, but held same as trustee for the grantee; that she obtained title to same by deed from Allie Hoggins, dated July 10, 1924, and that a written agreement to reconvey to Mrs. Hoggins, upon demand, was by her and her husband executed the same day. That Mrs. Hutson had never been in possession or control of the farm so conveyed; that Allie Hoggins continued in the possession of same down to the time suit was brought, collected the rents therefor and paid the taxes thereon. The answer further averred that the deed in question was executed pursuant to the written agreement to reconvey, and denied any fraudulent purpose. The cause was heard before the chancellor, who decreed a dismissal of the bill for want of equity, and this appeal has been perfected to review such decree.

It is shown by the proof that Allie Hoggins, on July 10, 1924, conveyed these premises to Mayme Hutson, her daughter, taking back, the same day, a written agreement to reconvey to her, upon demand. It is undisputed that the grantor remained in possession of the farm, received all the rents, paid all taxes assessed against same, and that the Hutsons never occupied nor possessed any portion thereof, and did not exercise any control over the land. Mrs. Hoggins testified that her purpose in making the deed was to protect herself against a possible future loss, which she feared might result from certain business engagements in which she had previously become involved, though there is no showing that she was actually indebted at the time.

When this deed was executed, the Hutsons were indebted to said bank in an amount of approximately $1,500, which was carried along,—at times diminished by payments, and on other occasions slightly increased by further loans, or by the bank's purchases of their outstanding notes. The bank's president testified that he examined the land records of Jasper county, some four or five years prior to the hearing, found the title to the farm to be in Mrs. Hutson, and on the strength of the record, extended credit to her and her husband.

On April 14, 1930, the cashier of the bank called upon the Hutsons and requested them to execute a new note for the amount of their indebtedness, to be secured by a mortgage upon this farm. This they refused to do. The deed forming the subject matter of this suit was executed the same day, and two days later was filed for record.

The tenants who had occupied the farm from 1915 to 1930 testified that they had rented from Mrs. Hoggins, had paid the rent to her, and that they had never had any dealings with Mrs. Hutson relative to the rentals. It is thus seen that Mrs. Hutson was at no

time in possession of the farm; never asserted any claim of ownership to it; had no part in its management or control, and was in nowise connected with it, except as the record disclosed the title to be apparently in her.

It is manifest that by the deed of July 10, 1924, and the written contract for reconveyance, of the same date, a trust relation was created by the parties to such instruments; that Mrs. Hutson held the title to this land in trust for her mother; and regardless of whether or not the last mentioned deed could have been attacked as fraudulent by creditors of Mrs. Hoggins, if such there were, it was competent for Mrs. Hutson to reconvey the premises back to her mother, and her deed to that effect would invest Mrs. Hoggins with a valid title, unless in the meantime rights of innocent third parties had intervened. *Springfield Homestead Ass'n v. Roll,* 137 Ill. 205, 212.

The controlling question in this case is whether the bank in extending credit, solely in reliance upon the fact that the title appeared to be in Mrs. Hutson, thereby became invested with such equities as will avoid the deed from Mrs. Hutson back to her mother.

It is urged that Mrs. Hoggins is estopped from asserting that she is the real owner, as against the indebtedness to the bank. Before a party may claim the benefit of an estoppel, two elements must concur: first, he must have been in ignorance of the true facts; and, second, must have been devoid of means, either ready or convenient, for ascertaining the real situation. 21 Corpus Juris, 1129, sec. 131; *Gallagher v. Northrup,* 215 Ill. 563.

Mrs. Hoggins was the equitable owner of the land, in possession and control of same through her tenants. The land was not far distant from the bank, and accessible to its officers. They might have readily and conveniently inquired of the tenants of whom they

were renting, and thereby have learned of her claim to its ownership. It appears they also knew the Hutsons did not reside upon the farm. They relied solely upon the land records of the county. Under the authorities of this State, such is not sufficient, where the party holding the record title is not in the possession or occupancy of the land.

Where land is occupied by a tenant, his possession is that of his landlord, and is constructive notice to the world of the legal or equitable rights of the landlord under whom he holds, and to whom he pays rents, even though the record title stand in the name of another. *Gallagher v. Northrup, supra; Smith v. Heirs of Jackson,* 76 Ill. 254.

By inquiry of the tenants in possession, the officials of the bank would have elicited the information that such tenants were holding under, and paying rent, to Mrs. Hoggins, and upon being so informed, they could easily have learned from either Mrs. Hoggins or Mrs. Hutson,—both of whom were residing near the bank at the time its officers examined the records,— the character and extent of the former's claim to the farm. This it was their duty to do before they might successfully contend for an estoppel as against Mrs. Hoggins. (*Whitaker v. Miller,* 83 Ill. 381, 386.) Possession by her tenants charged the bank with notice and knowledge of all facts, concerning her claim of ownership, which it could have ascertained by inquiry of her, the ready means being at its command, but of which it failed to avail itself; hence it is not in position to assert estoppel. *Gallagher v. Northrup, supra.*

In our opinion Mrs. Hutson reconveyed the farm in question to her mother before the Citizens State Bank of Hidalgo had acquired any equitable rights in the premises. The chancellor therefore correctly dismissed the bill for want of equity.

*Decree affirmed.*