General Finance Corporation, Appellant, v. C. W. Nimrick, Trading as Nimrick Motor Sales, et al., Appellees.

Gen. No. 42,060.

Opinion filed May 5, 1943.   Rehearing denied May 19, 1943.

WILLIAM V. BROOKS, of Chicago, for appellant.

CHANCELLOR & CHANCELLOR, of Chicago, for certain appellees; JUSTUS CHANCELLOR, JR., of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for the conversion by defendants of a Packard automobile. Judgment was entered for defendants in a trial by the court without a jury.

Stamer bought a Packard automobile from Nimrick in December 1939 and several days later it was wrecked and Nimrick, under instructions from Stamer brought the car to Polo, Illinois, for repairs. The repairs were completed in February 1940 and Stamer arranged with Nimrick to keep possession of the automobile and sell it. Nimrick advanced $150 and was obligated to pay something over $800 more. Stamer says the $150 was a loan, though the inference is he needed no loan, however, the details from which the precise nature of this transaction might be known, are too vague for a finding.

In August 1940, Nimrick mortgaged the car to plaintiff under a note and mortgage signed by him individually, but the check covering the loan issued in the name of Nimrick Motor Sales. Shortly after Labor Day, 1940, Stamer repossessed the car and refused plaintiff's demand for the same after default by Nimrick in the mortgage payments. In refusing, Stamer explained that Nimrick had possession of the car since December 1939 until after Labor Day; had driven it; had parked it at home and kept it on display; and that occasionally during the nine months Stamer would occasionally have the car but only for a few days.

Plaintiff claims title under its mortgage; defendants answer that their title was superior; and plaintiff replies that, since defendants had permitted Nimrick to appear to plaintiff as owner and had placed him in a position to defraud plaintiff, the doctrine of estoppel has intervened to preclude defendants from asserting title. The last clause presents the issue.

Since there is no substantial dispute in the evidence, we shall decide the issue as a question of law.

Estoppel may operate to defeat a superior title where the conduct of the superior owner allows another to appear as owner and thereby deceive, to his damage, a third person. *Lambert v. Dobbs*, 302 Ill. App. 400; *Drain v. LaGrange State Bank*, 303 Ill. 330. Nimrick could not convey more than he had but if Nimrick was apparent owner and plaintiff was innocent and relied upon the appearance, it could defeat Stamer's title. *Williams v. Fletcher*, 129 Ill. 356; *Western Union Cold Storage Co. v. Bankers Nat. Bank of Chicago*, 176 Ill. 260; *Drain v. LaGrange State Bank*, 303 Ill. 330. Plaintiff had the burden of showing that it did not know of Stamer's title, had no ready means of ascertaining the facts and had relied upon the appearances of ownership. (*Vail v. Northwestern Life Ins. Co.*, 192 Ill. 567; *Payne v. Hutson*, 264 Ill. App. 508; *Alton Banking & Trust Co. v. Alton Building & Loan Ass'n*, 289 Ill. App. 177.)

Plaintiff contends defendants clothed Nimrick with these indicia of ownership—possession, and driving the car with power of disposition, for nine months. Plaintiff did not learn of these indicia until after Stamer had repossessed the automobile, therefore did not rely upon them, for the mortgage was made in August. It saw a bill of sale to Nimrick in February, saw the car on display, and asked Nimrick whether the car was his and unencumbered. It knew the car was not included in the general floor plan mortgage covering Nimrick's "dealer cars," and though plaintiff

checked Nimrick's cars from May until September, since the Packard in question was not in the floor plan, the inference is that it checked only those carried by the mortgage and were not concerned with the Packard. Under these circumstances it would appear that plaintiff relied upon its view of a bill of sale in February which, under the evidence of custom of selling customers only through dealers, is not weighty evidence of ownership in a dealer; possession of Nimrick in August, though the mortgage was made away from Nimrick's place of business leaving an inference it did not see the car at the time; and plaintiff's statement of ownership. We are not called upon to say that it was required to look to the office of the Secretary of State for evidence of ownership, but we do believe that while the evidence shows Stamer was not prudent, plaintiff has not made satisfactory proof that it is such an innocent, diligent, careful person (31 C. J. S. 332) in this transaction that we are warranted in denying Stamer's title in its favor.

For the reasons given the judgment of the municipal court is affirmed.

*Judgment affirmed.*

BURKE, P. J., and HEBEL, J., concur.