Forest Investment Corporation, Plaintiff-Appellee, v. Eldon F. Chaplin, et al., and Eastern Illinois Trailer Sales, Defendants. Roy Tislow, Defendant-Appellant.

Gen. No. 10,584.

Fourth District.

March 8, 1965.

William N. Paris, of Charleston, for defendant and counter-claimant, appellant.

Jack H. Anderson, of Charleston, for appellee.

SMITH, P. J.

Plaintiff, Forest Investment Corporation, obtained judgment in the Circuit Court of Coles County for the possession of a certain mobile home. Defendant-appellant appeals from such judgment basing his right to possession on a chain of title beginning with the manufacturer's original certificate of origin and an Indiana certificate of title. A determination of the issues requires that we factually follow the routes taken by the respective title documents.

Skyline Homes, Inc., of Elkhart, Indiana, built the mobile home and on June 23, 1961, sold it to Eastern Illinois Trailer Sales. On June 30, Skyline delivered the unit and the manufacturer's original certificate of origin to Eastern. Eastern was a retail organization

solely owned and operated by one Eldon F. Chaplin. On July 29, 1961, Eastern entered into a conditional sales contract as seller with Eldon F. Chaplin as buyer for $11,420.36 with an installment balance due of $9,710.36. This contract was also signed by Verona F. Chaplin as wife of Eldon. On this same date, a promissory note for $9,710.36 to Eastern was signed by Eldon F. Chaplin as buyer and Verona F. Chaplin, his wife. This note and the conditional sales contract were assigned by Eastern and delivered to plaintiff. On August 7, plaintiff paid Skyline $5,626 for the home. In October 1962, Chaplins defaulted in their payments, plaintiff demanded possession of the home and was denied it. Plaintiff was a corporation authorized to do business in Illinois, but with its principal office in Detroit, Michigan. The mobile home unit was kept near Charleston, Illinois, at all times after its delivery.

Defendant Roy Tislow was a resident of Carlyle, Indiana, and the father-in-law of Eldon F. Chaplin. About September 1, 1961, the Chaplins approached the defendant for a loan and they all went to a bank at Oaktown in Indiana. The bank loaned the Chaplins $5,000 with defendant Roy Tislow as surety. The manufacturer's certificate of origin was endorsed in blank by Eastern and left with the note at the bank. Defendant Tislow subsequently paid the note and the certificate of origin was delivered to him by the bank. The notarization on this certificate is dated August 31, 1962. Defendant applied for an Indiana certificate of title and one was issued to him on October 1, 1962.

In February 1963, plaintiff filed its suit in replevin against Eastern, defendant Tislow, the Chaplins, and Mazie Tislow, wife of the defendant. On her disclaimer of any interest in the property, Mazie Tislow was dismissed out of the case. It was further stipu-

lated that Eastern and the Chaplins had no interest in the subject matter and the suit proceeded to trial between Forest and Tislow. The trial court in its judgment order awarded possession of the home to plaintiff, denied damages and awarded costs. The court further found against Tislow and for Forest on Tislow's counterclaim for possession of the mobile home.

Sometime in October 1961, Chaplin requested a duplicate certificate of origin from Skyline. On October 27, they forwarded to him a statement which reads: "I hereby certify that the original certificate of origin covering Skyline, serial number 60–7842–XE has been lost or misplaced and has not, nor in the future will not, be used in any transaction involving either transfer or financing of this coach." This was not verified or acknowledged and was signed "Eldon F. Chaplin, Owner, For: Eastern Illinois Trailer Sales." This was after the transaction at the bank, but almost a year before Tislow titled the vehicle. Forest never did title the vehicle anywhere but apparently did have the duplicate certificate or origin. The situs of the vehicle from the date of original delivery by Skyline was Charleston, Illinois.

Appellant suggests that the so-called contract upon which plaintiff relies is no contract at all for want of sufficient parties. There is merit in this suggestion. 17 Am Jur2d, Contracts, ¶ 15, states it thusly:

"A contract requires, and there must always be, at least two parties to the contract. A man cannot contract with or be bound to himself, nor, . . . can he be bound to himself with others. A promise to pay or a guaranty of payment ceases to be a contract when a promisor becomes the owner of his own promise." . . .

432

Eastern was a sole proprietorship owned by Eldon F. Chaplin. The stipulation of the parties so states and the contract documents on their face so show. Verona F. Chaplin's signature on the contract and on the note is plainly designated as that of "wife" and not as buyer and thus for our present purposes has no significance. The seller and the buyer are one and the same legal entity. The conditional vendor and the conditional vendee are identical. One of the fundamental essentials of a contract is wholly lacking. We have no conditional sales or title retention contract within the protective veil of any statutes regulating such contracts. This infirmity is apparent on the face of the contract documents and was or should have been known to plaintiff.

■ Eastern's assignment to Forest, so far as pertinent, reads:

> "For value received, the undersigned does hereby sell, assign and transfer . . . his, its or their right title and interest in and to the within contract and the trailer covered thereby . . . .
>
> Signature of Seller: Eastern Illinois Trailer Sales
> By: Eldon F. Chaplin
> Its: Owner"

Even though the contract assigned may be said to be abortive as a conditional sales or title retention contract and its transfer similarly of little value except as between the parties thereto yet the unequivocal transfer of "the trailer covered thereby," is abundantly sufficient, it seems to us, to transfer the title of Eastern to the plaintiff. This conclusion is further supported by the stipulation of the Chaplins in open court that "they have no interest in the trailer involved in this lawsuit."

Plaintiff paid Skyline $5,626 for the use and benefit of Eastern on August 7, 1961. Appellant contends that plaintiff had it within its power before such payment to fully protect itself by demanding the manufacturer's certificate of origin along with its security interest documents. He argues that the failure to do so enabled Chaplin to make the assignment to his father-in-law and that plaintiff's own lack of diligence induced and produced the belief in the defendant that Eastern was the owner and that the title was free of liens. Defendant, in effect, says that plaintiff is now estopped by its conduct to assert its title, to deny his title and to thwart his right to possession. The principle of estoppel is well recognized in proper cases. Westlake Finance Co. v. Oak Park Motors, Inc., 19 Ill2d 66, 166 NE2d 23.

██ ██ Under § 43(4) of our Civil Practice Act, c 110, Ill Rev Stats 1963, estoppel is an affirmative defense and facts asserting it must be pleaded and proved by the party relying on it by clear, precise and unequivocal evidence. Spence v. Washington Nat. Ins. Co., 320 Ill App 149, 50 NE2d 128. In the application of the doctrine of estoppel not only may the conduct of the owner be scrutinized, but likewise that of the one seeking its benefits. Mori v. Chicago Nat. Bank, 3 Ill App2d 49, 120 NE2d 567. The only conduct of the plaintiff which might serve as a springboard for estoppel is its failure to impound the manufacturer's certificate of origin. It had no contacts or dealings with Tislow or his bank either before or at the time the bank loan was made. In Westlake, it was asserted that plaintiff's failure to demand and obtain a certificate of title from its assignor at or before the assignment should preclude plaintiff's recovery as it was then within its power to protect itself. The dissenting opinion in the Appellate Court did not consider this standing alone

either controlling or persuasive and the Supreme Court approved on the theory that the loss to the plaintiff was directly traceable to the affirmative wrongful conduct of the defendant in the case rather than to any act of omission or commission on the part of the plaintiff.

 All parties were fully aware that the house trailer was delivered in and stationed in Illinois at all times. Illinois has recognized that theft and fraud are frequent offenses in connection with the sale of vehicles and has provided that "every owner of a vehicle which is in this State and for which no certificate of title has been issued by the Secretary of State shall make application to the Secretary of State for a certificate of title of the vehicle." Ill Rev Stats 1963, c 95½, ¶ 3–101. The perfection and protection of a security interest is likewise provided for in § 3–202 of the same Act by application for certificate of title. Even if it may be said that plaintiff, a non-resident corporation, was within the exclusionary provisions of the statute—a point upon which we express no opinion—and under no mandatory duty to comply with the statute, it does not follow that good judgment and due care is not absent for failure to use its permissive protective cloak. Although a certificate of title is not a prerequisite to a valid sale, a failure to get one is an incident which, with other evidence, may establish negligence and bar otherwise enforceable rights. Mori v. Chicago Nat. Bank, 3 Ill App2d 49, 120 NE2d 567. Since this house trailer was a new vehicle, the manufacturer's certificate of origin would necessarily have accompanied an application for certificate of title. Ill Rev Stats, c 95½, ¶ 3–104(d) and would then have become quiescent. It seems to us clear from the record before us that the defendant Tislow did not know of plaintiff's title or interest, that he had no ready

435

means of ascertaining it and that he relied upon the appearance of ownership supplied by the manufacturer's certificate of origin. He has established an estoppel by clear, precise and unequivocal evidence. His loss is directly traceable to the failure of the plaintiff to utilize the permissive protective features of our statutes for a vehicle in our state. "Estoppel may operate to defeat a superior title where the conduct of the superior owner allows another to appear as owner and thereby deceive, to his damage, a third person." General Finance Corp. v. Nimrick, et al., 319 Ill App 98, 48 NE2d 543. These principles, it seems to us, are conclusive here.

Accordingly, the judgment of the Circuit Court of Coles County is reversed and the cause remanded to that court with directions to enter judgment against the plaintiff on the original complaint and in favor of the counter-plaintiff for possession of the house trailer on his counterclaim.

Reversed and remanded.

TRAPP and CRAVEN, JJ., concur.