In re Charles J. SMITH, Debtor.

Laura K. Grandy, Trustee, Plaintiff,

v.

Robert J. Sanders, Defendant.

Bankruptcy No. 05–30151.
Adversary No. 05–3161.

United States Bankruptcy Court,
S.D. Illinois.

Jan. 10, 2006.

Steven N. Mottaz, Alton, IL, for Debtor.

*OPINION*

GERALD D. FINES, Bankruptcy Judge.

This matter having come before the Court on a Complaint filed by the Trustee seeking to avoid the transfer of certain real estate by the Debtor, Charles J. Smith, to Defendant, Robert J. Sanders, as an unauthorized post-petition transfer pursuant to 11 U.S.C. § 549, or, in the alternative, as an avoidable preference pursuant to 11 U.S.C. § 547(b); the Court, having reviewed the written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Findings of Fact

The parties in this matter have agreed that the material facts are not in dispute and they are, in pertinent part as follows:

1. On August 20, 2003, the Defendant loaned the Debtor the sum of $10,000.

2. On November 3, 2003, the Debtor drafted and signed a document indicating that he owed the Defendant the sum of $30,000, and that, as collateral for the loan, he would give a deed to the Defendant to a tract of real estate which he owned. The document further indicated that the Debtor intended to pay the debt to the Defendant from the sale of "other property," and the document further indicated that, if that sale did not go through, the Debtor intended for the Defendant to have title to a piece of property which the document described as "Property in Rear 66 × 158 Ft. & Pole Barn." Although the November 3, 2003, document indicated that the Debtor intended to give the Defendant a "deed" to the property being used as collateral, there is no evidence that any type of deed was executed in conjunction with the November 3, 2003, document.

3. On November 4, 2003, the Defendant loaned the Debtor an additional sum of $20,000, bringing the debt to a total sum of $30,000, as described in the November 3, 2003, document.

4. Although it is not clear from the facts supplied by the parties to the Court, it is apparent that the Debtor either was unable to sell the "other property" mentioned in the November 3, 2003, document, or he did not attempt to sell that property to generate the necessary funds to retire the $30,000 debt to the Defendant. Instead, on September 8, 2004, the Debtor executed a quit claim deed in favor of the Defendant, Robert J. Sanders, for property described as:

A 66 foot by 153 foot strip of property, being part of the right of way of the Illinois Central Gulf Railroad Company, located in the Northwest Quarter (NW 1/4) of Section 26, Township 6 North, Range 10 West of the Third Principal Meridian, Madison County, Illinois.

5. Sometime between September 8, 2004, and September 10, 2004, the above-described quit claim deed was delivered to the Office of the Recorder of Deeds for Madison County, Illinois, for the purpose of having the quit claim deed officially recorded. The September 8, 2004, quit claim deed was not recorded, but was, instead, returned to the Defendant with a faxed copy to the Defendant's lawyer on September 10, 2004, together with a document from the Office of Debra D. Ming, Madison County Chief County Assessment Official, entitled "Deed Correction Cover Sheet," which indicated that the legal description on the quit claim deed was in error in that it was incomplete and needed more information before being recorded.

6. On September 10, 2004, in response to the returned quit claim deed and deed correction cover sheet, the Defendant's attorney contacted First American Title Insurance Company by fax and applied for a title insurance policy for the purpose of determining the correct and complete legal description of the subject real estate.

7. On or about October 20, 2004, the Defendant's attorney was advised by a fax from First American Title Insurance Company to use the legal description on a tract search that First American had prepared in response to the Defendant's attorney's request of September 10, 2004. Apparently, no further action was taken in this matter until January 7, 2005, when the Debtor signed a quit claim deed containing the legal description supplied by First American Title Insurance Company. The January 7, 2005, quit claim deed was thereafter officially recorded in the Office of the Recorder of Madison County, on January 18, 2005.

8. On January 13, 2005, just six days after he signed the January 7, 2005, quit claim deed and five days before the official recording of said deed, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. The Debtor did not schedule the real estate described in the January 7, 2005, quit claim deed as an asset, nor did he schedule the Defendant as a creditor. The Debtor did, however, note, on line 10 of his Statement of Financial Affairs, a transfer to Robert Sanders bearing the date of September 1, 2004, of property described as "Parcel ID# 24–1–01–26–01–107–017.003, formerly right of way 5405 Godfrey Road, Godfrey, Illinois, 62035." The description of this transfer contains no other detail, even though line 10 of the Statement of Financial Affairs calls for the address of the transferee and the value received for the transfer.

9. On June 17, 2005, Laura Grandy, the duly appointed Trustee in Debtor's Chapter 7 bankruptcy proceeding filed the instant adversary complaint seeking to have the transfer of real estate from the Debtor to the Defendant, as evidenced by the January 7, 2005, quit claim deed, avoided as either an unauthorized post-petition transfer pursuant to 11 U.S.C. § 549, or, in the alternative, as a preferential transfer pursuant to 11 U.S.C. § 547.

### Conclusions of Law

██ The key issue in this matter concerns the effective date of the filing of a quit claim deed in favor of Defendant, Robert J. Sanders. The Defendant asserts that the effective date must be found to be September 8, 2004, when the first quit claim deed was executed by the Debtor and filed with the Office of the Recorder of Madison County, for the purpose of being recorded. In support of this position, the Defendant cites the case of *Cook v. Hall*, 6 Ill. 575, 1844 WL 4113 (S.Ct.1844), in which it was held that a deed takes effect from the time of filing it for record and not from the time it was actually recorded. The Defendant further cites the case of *In re APC Construction, Inc.*, 132 B.R. 690 (D.Vt.1991), standing for a proposition that perfection of a statutory lien relates back to the date that the notice of the lien was filed. In reviewing these cases, the Court finds that they are not applicable to the present situation. Both cases are factually distinguishable and do not support the Defendant's contention that the effective date of the quit claim deed in this case must be related back to the original September 8, 2004, filing. The Plaintiff concedes that a deed is considered effective at the date on which it is filed, rather than the date at which it is recorded. However, in this instance, it is clear that the Office of the Recorder of Madison County was within its discretion to return the original September 8, 2004, deed given that the legal description therein was wholly insufficient to identify the subject real estate. The Court further finds that, even if it were to relate the filing of the quit claim deed back to September 8, 2004, the deed which was initially filed was insufficient to put third parties on notice of the Defendant's interest in the property, and, as such, would have been ineffective to preclude any avoidance proceeding filed by the Chapter 7 Trustee.

In addition to his relation-back argument, the Defendant also argues that the filing of the September 8, 2004, quit claim deed created an equitable mortgage on the subject real estate in his favor. As for this argument, the Court finds that, pursuant to 765 ILCS 5/35, the September 8, 2004, quit claim deed was not entitled to be recorded. Even though the rejection of that deed for recording did not invalidate that deed, the Court finds that, even if that deed was reformed, there was no valid notice to third parties against the real estate until a deed with an identifiable

legal description was filed. In this case, the only deed with an identifiable legal description was the January 7, 2005, quit claim deed which was officially recorded in Madison County on January 18, 2005.

 In order to prevail over the Trustee's avoidance powers under both 11 U.S.C. § 547 and § 549, the Defendant must show that his interest in the subject real estate became perfected more than 90 days prior to the Debtor's filing for Chapter 7 relief. In order to become properly perfected as against the Trustee's avoiding powers, the Court finds that a document had to have been filed which put third parties on notice of the Defendant's interest in the subject real estate. The only document which puts third parties on notice of the Defendant's interest in the subject real estate was not recorded until January 18, 2005. Given that the actual recording of the 2005 quit claim deed did not come until after the Debtor's Chapter 7 filing, the Court finds that, pursuant to 11 U.S.C. § 549, the transfer was post petition, was not authorized by the Court, and is, thus, avoidable per that section. Alternatively, the Court finds that, if the effective date of the January 7, 2005, quit claim deed was in fact on January 7, 2005, or some date prior to the Debtor's filing for Chapter 7 relief, said transfer would clearly be avoidable under 11 U.S.C. § 547, given that all the elements under that section have been clearly shown and that no exceptions apply.

In conclusion, the Court finds that third parties were never put on notice of the transfer of real estate between the Debtor and the Defendant until January 18, 2005, when the quit claim deed correctly identifying the subject real estate was recorded. This being the case, the Court must find that the effective date of the transfer of real estate for avoidance purposes was January 18, 2005, making the transfer avoidable under 11 U.S.C. § 549.

*ORDER*

For the reasons set forth in an Opinion entered on the 10th day of January 2006;

IT IS HEREBY ORDERED that:

A. The Complaint filed by Plaintiff, Laura K. Grandy, Trustee, on June 17, 2005, is *ALLOWED;* and,

B. The transfer of real estate between the Debtor, Charles J. Smith, and the Defendant, Robert J. Sanders, of the tract of real estate described in a quit claim deed dated January 7, 2005, is avoided pursuant to 11 U.S.C. §§ 549 and 547.